**WAJDA LAW GROUP, APC**
Nicholas M. Wajda (State Bar No. 259178)
6167 Bristol Parkway
Suite 200
Culver City, California 90230
Telephone: 310-997-0471
Facsimile: 866-286-8433
E-Mail: nick@wajdalawgroup.com
*Attorney for the Plaintiff*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GILBERT CASTILLO JR., <br><br> Plaintiff, <br><br> v. <br><br> J.P. MORGAN CHASE BANK, N.A., <br><br> Defendant. | Case No. 3:19-cv-04905 <br><br> **COMPLAINT FOR DAMAGES** <br><br> **1. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT PURSUANT TO 47 U.S.C. § 227.** <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT**

   **NOW COMES**, GILBERT CASTILLO JR. ("Plaintiff"), by and through his counsel, Nicholas M. Wajda, and asserts the following claims against J.P. MORGAN CHASE BANK, N.A. ("Defendant"), as follows:

**Nature of the Action**

   1.   Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227.

   2.   The TCPA makes it unlawful for a person to call another person's cellular telephone using an "automatic telephone dialing system" or "artificial or prerecorded voice" without the express consent of the person being called. 47 U.S.C. § 227(b)(1)(A)(iii).

3. The TCPA defines ATDS as "equipment which has the capacity…to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

4. As discussed below, Defendant violated the TCPA by repeatedly calling Plaintiff's cellular telephone number with an ATDS without Plaintiff's consent and after Plaintiff told representatives of Defendant on numerous occasions to stop calling him.

## Parties, Jurisdiction and Venue

5. Plaintiff is a natural person over 18-years-of-age who is a "person" as the term is defined by 47 U.S.C. §153(39).

6. Defendant is a foreign corporation formed under the laws of the State of Delaware, and has a principal place of business located at 270 Park Avenue, New York, New York 10017. Defendant provides various banking and other financial services to consumers nationwide.

7. Defendant regularly conducts business with consumers in California, including Plaintiff.

8. Defendant is a "person" as defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, vendor, third-party contractors, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all time relevant to the instant action. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

10. Subject matter jurisdiction is conferred upon this Court by the TCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

11. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of California, Plaintiff resides in the Northern District of

California, and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of California.

**Facts Supporting Cause of Action**

12. Prior to conduct giving rise to Plaintiff's claims, Plaintiff obtained a line of credit for a credit card, which was issued through Defendant.

13. Plaintiff used the credit card for personal and family expenses and incurred charges that were owed to Defendant.

14. After experiencing financial hardship, Plaintiff was unable to reimburse Defendant for the charges incurred, and this resulted in him incurring an amount of indebtedness (the "subject debt").

15. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone number (925) 595-8287.

16. Plaintiff paid for the cellular phone and pays for his phone's cellular services, and did so during the time period of the calls in question.

17. In or around March 2017, at random times during this day, Plaintiff began receiving frequent and persistent calls to his cellular phone from Defendant.

18. Defendant has used a variety of phone numbers and area codes when placing calls to Plaintiff's cellular phone.

19. The phone number that Defendant most often used to contact Plaintiff was (847) 426-9203, but upon information and belief, it may have used other phone numbers to place calls to Plaintiff's cellular phone.

20. When Plaintiff answered Defendant's calls, in almost every instance he experienced a noticeable pause, lasting approximately three seconds in length, before a live representative began to speak.

21. Additionally, when Plaintiff answered Defendant's calls, in almost every instance he heard what sounded to be call center noise in the background of Defendant's collection calls.

22. During many calls that Plaintiff answered, he had to ask words like "Hello? Hello? Hello?" several times before a person (an "account representative") would respond.

23. During many calls that Plaintiff answered, there were a few seconds of silence before the call center noise could be heard, followed by an account representative responding to Plaintiff asking "Hello? Hello? Hello?"

24. When a call representative on the other end of an answered call spoke to Plaintiff, the account representative told Plaintiff that he or she was calling on behalf of Defendant in an attempt to collect a debt, and presumably, the subject debt.

25. During several phone conversations with various account representatives, Plaintiff told the account representatives that he was aware of subject debt.

26. During several phone conversations with various account representatives, Plaintiff told the account representatives to stop calling him.

27. Despite Plaintiff telling numerous account representatives to stop calling him, Defendant continued to call Plaintiff's cellular telephone, and did so in an attempt to collect the subject debt.

28. Plaintiff has received numerous phone calls from Defendant since he first demanded that Defendant stop calling.

29. Defendant has intentionally harassed and abused Plaintiff by calling him after he told Defendant on numerous occasions to stop calling him.

30. Defendant has called Plaintiff no less than 34 times in an attempt to collect the subject debt:

31. March 22, 2017.

32. April 1, 2017, at 8:44 AM.
33. April 1, 2017, at 9:56 AM.
34. April 1, 2017, at 11:16 AM.
35. April 3, 2017.
36. April 5, 2017, at 10:57 AM.
37. April 5, 2017, at 12.21 PM.
38. April 6, 2017, at 8:38 AM.
39. April 6, 2017, at 9:54 AM.
40. April 6, 2017, at 1:35 PM.
41. April 7, 2017, at 8:39 AM.
42. April 7, 2017, at 9:49 AM.
43. April 7, 2017, at 10:52 AM.
44. April 11, 2017, at 10:36 AM.
45. April 11, 2017, at 11:48 AM.
46. April 12, 2017, at 8:33 AM.
47. April 12, 2017, at 9:49 AM.
48. April 12, 2017, at 11:08 AM.
49. April 17, 2017, at 8:58 AM.
50. April 17, 2017, at 10:26 AM.
51. April 17, 2017, at 1:47 PM.
52. April 18, 2017, at 8:39 AM.
53. April 18, 2017, at 9:56 AM.
54. April 18, 2017, at 11:40 AM.
55. April 19, 2017, at 9:19 AM.

56. April 19, 2017, at 10:27 AM.

57. April 19, 2017, at 12:42 PM.

58. April 20, 2017, at 11:07 AM.

59. April 20, 2017, at 12:11 AM.

60. April 20, 2017, at 6:15 AM.

61. April 24, 2017, at 10:37 AM.

62. April 24, 2017, at 11:51 AM.

63. April 24, 2017, at 1:35 PM.

64. May 1, 2017.

65. The frequency of Defendant's continued calls constitutes harassment.

66. On certain days identified above, Defendant called Plaintiff up to four times, and at times, follow up calls on the same day were made less than an hour after a prior placed call.

67. In addition to the facts set forth above in Paragraphs 18 through 23, upon information and belief, Defendant placed the subject calls to Plaintiff's cellular telephone using an "automated telephone dialing system" ("ATDS") as this term is defined by the TCPA.

68. Plaintiff reasonably and plausibly believes that Defendant utilized an ATDS to call him because ATDS based call systems are commonly used in the debt collection industry to collect defaulted loans.

69. Further, Plaintiff reasonably and plausibly believes that Defendant utilized an ATDS to call him because he never provided his telephone number to Defendant, and in order to obtain Plaintiff's cellular number, Defendant was required to obtain and/or dial his cellular number through the use of a random or sequential number generator.

70. Defendant's unfair and harassing conduct has severely disrupted Plaintiff's daily life and general well-being.

71. As a result of Defendant's unconscionable conduct Plaintiff has expended time researching his rights, consulting with potential attorneys, and eventually discussing his case with his retained attorneys.

72. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance and intrusion upon seclusion.

73. Defendant's phone harassment campaign and illegal collection activities have also caused Plaintiff actual harm by diminishing his use of his cellular telephone, power and battery consumption, wear and tear caused to his cellular telephone, reduced battery charge life, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

74. Defendant's phone harassment campaign and illegal collection activities have also caused Plaintiff actual harm by causing him to become fearful or and aggravated unsolicited debt collection calls.

75. Defendant's phone harassment campaign and illegal collection activities have also caused Plaintiff to suffer harassment, emotional distress, anxiety, loss of concentration and time-wasting of daily aspects of life. For example, Plaintiff has been required to answer Defendant's unwanted phone calls during time with his children and during work hours.

**COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

76. Plaintiff restates and realleges the above Paragraphs as though fully set forth herein.

77. Defendant repeatedly placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone number using an automatic telephone dialing system ("ATDS") without Plaintiff's prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

78. As discussed above, based on Defendant's lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular telephone.

79. Upon information and belief, the ATDS employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

80. Defendant violated the TCPA by placing numerous phone calls to Plaintiff's cellular telephone between March 2017 and the present day, using an ATDS without his prior consent.

81. Any prior consent, if any, was revoked by Plaintiff's verbal revocation.

82. As pled above, Plaintiff was severely harmed by Defendant's collection calls to his cellular phone.

83. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to continue to contact consumers on their cellular phones.

84. Defendant, through its agents, representatives, vendors subsidiaries, third party contractors and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

85. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per phone call.

86. While Plaintiff believes that Defendant called him with an ATDS more than 34 times, at the very least, this Court should award Plaintiff $500 per offending call for a total of $17,000.00.

87. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

88.     While Plaintiff believes that Defendant called him with an ATDS more than 34 times, this Court should award Plaintiff $1,500 per offending call for a total of $51,000.00 because Defendant continued to call Plaintiff after he told Defendants account representatives to stop calling him on numerous occasions.

**WHEREFORE**, Plaintiff GILBERT CASTILLO JR. respectfully requests that this Honorable Court:

    a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

    b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

    c. Enjoining Defendant from contacting Plaintiff; and

    d. Award any other relief as the Honorable Court deems just and proper.

### **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Date: August 15, 2019                                                             Respectfully submitted,


                                                                                                                                                          By: */s/ Nicholas M. Wajda*

Nicholas M. Wajda
**WAJDA LAW GROUP, APC**
6167 Bristol Parkway
Suite 200
Culver City, California 90230
Telephone: 310-997-0471
Facsimile: 866-286-8433
E-mail: nick@wajdalawgroup.com