UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT CASTILLO,<br><br>Plaintiff,<br><br>v.<br><br>J.P. MORGAN CHASE BANK, N.A.,<br><br>Defendant. | Case No. 19-cv-04905-HSG<br><br>**ORDER GRANTING MOTION TO DISMISS COUNTERCLAIMS**<br><br>Re: Dkt. No. 24 |

Pending before the Court is Plaintiff Gilbert Castillo's motion to dismiss Defendant J.P. Morgan Chase Bank N.A.'s counterclaims. Dkt. No. 24. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **GRANTS** the motion.

**I.  BACKGROUND**

On August 15, 2019, Plaintiff filed this action against Defendant, alleging that Defendant violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. *See* Dkt. No. 1 ("Compl."). Plaintiff alleges that beginning in March 2017, Defendant repeatedly called Plaintiff's cellular telephone number with an "automatic telephone dialing system," in an attempt to collect a debt that Plaintiff had incurred on his credit card account with Defendant. *Id.* at ¶¶ 12–25, 68–69, 77–80; *see also* 47 U.S.C. § 227(a)(1), (b)(1). Plaintiff alleges that the calls persisted, even after he repeatedly asked Defendant to stop calling him. *See* Compl. at ¶ 26–66, 81.

On November 4, 2019, Defendant answered the complaint and filed counterclaims for breach of contract, account stated, and quantum meruit. *See* Dkt. No. 16. Defendant alleges that Plaintiff opened a credit card account in 2014 and signed a written cardmember agreement, in which he agreed to pay for the transactions charged to the account, including all applicable fees.

*See id.* ¶¶ 3–4, 7. Defendant further alleges that Plaintiff breached this cardmember agreement by failing to make timely payments, and the current balance on the account is $5,006.36. *See id.* ¶¶ 4, 9. Defendant seeks to recover the remaining balance as well as interest and attorneys' fees and costs. *See id.* ¶¶ 10–11.

Plaintiff now seeks to dismiss these counterclaims under Federal Rule of Civil Procedure 12(b)(1), arguing that there is no independent basis for jurisdiction over the counterclaims, and the Court should decline to exercise supplemental jurisdiction over them. *See* Dkt. No. 24.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure Rule 12(b)(1) allows a party to move to dismiss for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) motion may be either facial, where the inquiry is confined to the allegations in the complaint, or factual, where the court is permitted to look beyond the complaint to extrinsic evidence. *See Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004); *Savage v. Glendale Union High School Dist. No. 205*, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003). A facial challenge "asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

Federal district courts have original jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of the United States," or where complete diversity of citizenship exists and the matter in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332. The Court has original jurisdiction over Plaintiff's TCPA claim because it is a federal statute. The Court does not, however, have original jurisdiction over Defendant's counterclaims for breach of contract, account stated, or quantum meruit, because they arise under state law, and the parties have not alleged that there is complete diversity between the parties. Thus, the question before the Court is whether it may nevertheless exercise supplemental jurisdiction under 28 U.S.C. § 1367.

Section 1367(a) provides that:

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or

controversy under Article III of the United States Constitution.

State law claims "form part of the same case or controversy" as a federal claim "when they derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding." *Kuba v. 1-A Agr. Ass'n*, 387 F.3d 850, 855–56 (9th Cir. 2004) (quotation omitted). A court may nevertheless decline to exercise supplemental jurisdiction over state law claims under § 1367(c) where: (1) a novel or complex issue of state law is raised; (2) the claim substantially predominates over the federal claim; (3) the district court dismisses the federal claims; or (4) under exceptional circumstances. *See* 28 U.S.C. § 1367(c). The Ninth Circuit has explained that in making this determination, courts should consider factors such as "economy, convenience, fairness, and comity." *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (quotation omitted).

## III. DISCUSSION

Plaintiff contends that the Court lacks jurisdiction over Defendant's counterclaims because they are permissive, and not compulsory, counterclaims under Federal Rule of Civil Procedure 13,[1] and the Court does not otherwise have supplemental jurisdiction over them. *See* Dkt. No. 24.

### A. Same Case or Controversy

Defendant concedes that its counterclaims are not compulsory under Federal Rule of Civil Procedure 13. *See* Dkt. No. 30 at 4. The key question before the Court, therefore, is whether these permissive counterclaims are "part of the same case or controversy" as the TCPA claim such that supplemental jurisdiction is appropriate.[2] *See* 28 U.S.C. § 1367(a). The state counterclaims may be considered part of the same "case or controversy" as the TCPA claim if they "derive from

---

[1] Counterclaims may be compulsory or permissive. *See* Fed. R. Civ. P. 13(a), (b). Compulsory counterclaims "arise[] out of the transaction or occurrence that is the subject matter of the opposing party's claim." *See* Fed. R. Civ. P. 13(a)(1)(A). As such, courts have found that compulsory counterclaims are necessarily part of the same case or controversy for purposes of supplemental jurisdiction. *See, e.g.*, *Moore v. Pflug Packaging & Fulfillment, Inc.*, No. 17-CV-05823-YGR, 2018 WL 2430903, at *3 (N.D. Cal. May 30, 2018).

[2] Although neither the Supreme Court nor the Ninth Circuit has addressed the issue directly, the Court will assume, for purposes of this order, that at least some permissive counterclaims may still fall within the Court's supplemental jurisdiction. *See, e.g.*, *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 211–12 (2d Cir. 2004); *Campos v. W. Dental Servs., Inc.*, 404 F. Supp. 2d 1164, 1167–68 (N.D. Cal. 2005).

3

a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding." *Finley v. United States*, 490 U.S. 545, 549 (1989) (quotation omitted).

Defendant urges that the Court should not dismiss its state counterclaims because they bear "a loose connection" to the facts underlying Plaintiff's TCPA case. *See* Dkt. No. 30 at 6. The Court is not persuaded.

*First*, Defendant contends that its affirmative defenses put the cardmember agreement—and thus its counterclaims—at issue in the TCPA case. *See id.* at 7–8. Defendant alleges that it (1) obtained Plaintiff's prior express consent to call his cellular telephone number; and (2) would be entitled to a setoff in the event of a damages award based on the monies Plaintiff allegedly owes. *See id.*; *see also* Dkt. No. 33 at ¶¶ 92–93. However, § 1367(a) states that "district courts shall have supplemental jurisdiction over all other *claims* that are so related to *claims* in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367 (emphasis added). By its plain language, therefore, the statute speaks only to the relationship between claims and counterclaims. It says nothing about the relationship of affirmative defenses to counterclaims.

Defendant proffers no reasoned basis to expand the meaning of § 1367 to include consideration of affirmative defenses, and the Court declines the invitation to do so. In doing so, the Court is mindful that "[f]ederal courts are courts of limited jurisdiction," and that as such, "it is to be presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Accordingly, the Court finds that the proper consideration for supplemental jurisdiction is whether Defendant's counterclaims are "part of the same case or controversy" as the TCPA claim. *Accord Ensz v. Chase Bank USA NA*, No. 18-CV-2065-CJW-MAR, 2019 WL 136982, at *3 (N.D. Iowa Jan. 7, 2019); *Ader v. SimonMed Imaging Inc.*, 324 F. Supp. 3d 1045, 1051 (D. Ariz. 2018); *Sparrow v. Mazda Am. Credit*, 385 F. Supp. 2d 1063, 1069, n.3 (E.D. Cal. 2005). *But see HB Gen. Corp. v. Manchester Partners, L.P.*, 95 F.3d 1185, 1198 (3d Cir. 1996) (suggesting without analysis that defenses were relevant to § 1367 analysis).

4

*Second*, Defendant contends that its collection calls to Plaintiff were made to collect the same alleged debt underlying the counterclaims such that there is a "distinct factual overlap" between the TCPA claim and Defendant's counterclaims. *See* Dkt. No. 30 at 9–10. Yet critically, § 1367 does not ask whether there is *any* factual overlap between the claims and counterclaims, but rather whether they "derive from a common nucleus of *operative* fact." *Finley v. United States*, 490 U.S. 545, 549 (1989) (quotation omitted) (emphasis added). The Court finds that they do not.[3]

To understand the operative facts for Plaintiff's TCPA claim, the Court finds it instructive to look at its elements. "The three elements of a TCPA claim are: "(1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent." *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012) (citing 47 U.S.C. § 227(b)(1)). The reason why Defendant may have called Plaintiff, and his prior relationship with Defendant, is simply irrelevant to an action under the TCPA. Defendant suggests that its prior relationship with Plaintiff is nonetheless part of the TCPA claim because Defendant obtained Plaintiff's consent to such calls as part of the credit agreement. *See* Dkt. No. 30 at 7–8. Yet Plaintiff alleges that he repeatedly told Defendant to stop calling him, and "[a]ny prior consent, if any, was revoked by Plaintiff's verbal revocation." *See* Compl. ¶¶ 26–29, 81. That Plaintiff acknowledges the existence of the credit agreement in his complaint does not render it an operative fact for purposes of his TCPA claim.

In contrast, Defendant's counterclaims all involve the parties' credit agreement and the validity of the underlying debt. To establish its breach of contract counterclaim, Defendant must prove (1) the existence of a contract; (2) its performance or excuse for nonperformance;

---

[3] Defendant points to cases in other districts where courts have nevertheless concluded that counterclaims to collect a debt formed a part of the same case or controversy as TCPA claims. *See, e.g., Coleman v. Dish Network LLC*, No. LACV1702460JAKAFMX, 2017 WL 6888289, *5 (C.D. Cal. Nov. 22, 2017) (exercising supplemental jurisdiction based on affirmative defense that plaintiff consented to calls); *Wilson v. Discover Bank*, No. 3:12-CV-05209-RBL, 2012 WL 1899539, at *3 (W.D. Wash. May 24, 2012) (exercising supplemental jurisdiction because "both claims are related to a single debt allegedly owed by [plaintiff] to [defendant] and the existing contractual relationship between them"). The analysis in these cases is brief, and to the extent they do not discuss the *operative* facts in each cause of action, the Court respectfully does not find them persuasive.

(3) Plaintiff's breach of the contract; and (4) the resulting damage to Defendant. *See Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1388 (Cal. Ct. App. 1990), *as modified on denial of reh'g* (Oct. 31, 2001). Similarly, to establish its account stated counterclaim, Defendant must prove "(1) previous transactions between the parties establishing the relationship of debtor and creditor; (2) an agreement between the parties, express or implied, on the amount due from the debtor to the creditor; [and] (3) a promise by the debtor, express or implied, to pay the amount due." *See Zinn v. Fred R. Bright Co.*, 271 Cal. App. 2d 597, 600 (Cal. Ct. App. 1969). And lastly, Defendant's unjust enrichment counterclaim, though not a separate cause of action under California law, may be construed as a quasi-contract claim seeking restitution for the debt Plaintiff allegedly owes. *See, e.g.*, *Smith v. Keurig Green Mountain, Inc.*, 393 F. Supp. 3d 837, 848 (N.D. Cal. 2019) (citing cases). In short, the counterclaims will require proof of different facts, involve different witnesses, and apply different law. They do not, therefore, "derive from a common nucleus of operative fact," and are not part of the same case or controversy. *See Finley v. United States*, 490 U.S. at 549 (quotation omitted).

### B. Exceptional Circumstances

In the alternative, even if the Court were to find that the counterclaims form part of the same case or controversy as the TCPA claim, the Court finds that exceptional circumstances exist to decline to exercise supplemental jurisdiction. *See* 28 U.S.C. § 1367(c). Allowing Defendant to pursue its collection action against Plaintiff here may deter future plaintiffs from bringing TCPA claims. *Accord Ensz*, 2019 WL 136982, at *6; *Riazi v. Ally Fin., Inc.*, No. 4:17CV1705JCH, 2017 WL 4260847, at *5–*7 (E.D. Mo. Sept. 26, 2017). The circumstances of this case are illustrative. Even assuming Plaintiff succeeds on his cause of action and obtains relief for all 34 telephone calls, such statutory damages total $17,000, and he may not recover attorneys' fees on top of such damages because the TCPA is not a fee-shifting statute. *See, e.g.*, 47 U.S.C. § 227(b)(3); *Holtzman v. Turza*, 828 F.3d 606, 608 (7th Cir. 2016). However, Defendant is seeking not only the $5,006.36 in debt from Plaintiff, but also interest, presumably since at least 2017 when the collection calls began, as well as attorneys' fees and costs. The amount of attorneys' fees for a case in federal court could easily eclipse the amount of the underlying debt. And the specter of

6

such fees could deter future plaintiffs from filing TCPA actions, which are intended "to protect privacy rights" irrespective of the reason for such calls. *See Los Angeles Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 803 (9th Cir. 2017). Thus, even if supplemental jurisdiction were otherwise warranted, the Court would decline to exercise supplemental jurisdiction over Defendant's counterclaims.

**IV. CONCLUSION**

Accordingly, the Court **GRANTS** the motion to dismiss Defendant's counterclaims. The dates set in the Court's scheduling order remain in effect. *See* Dkt. No. 28.

**IT IS SO ORDERED.**

Dated: 1/30/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge